IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRYAN SAMPSON<br>    Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO.: 17-00241 |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. (MERS), EQUITY LOANS, LLC DBA EQUITY PRIME MORTGAGE, PINGORA LOAN SERVICING, LLC, CENTRAL LOAN ADMINISTRATION AND REPORTING FSB AND DAVID STOCKTON OR ANY TO ACT AS SUBSTITUTE TRUSTEE<br>    Defendants. | § § § § § § § § § § § | |

## NOTICE OF REMOVAL

Defendants, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. ("MERS"), PINGORA LOAN SERVICING, LLC ("Pingora"), and CENLAR FSB (incorrectly named as Central Loan Administration and Reporting FSB) ("Cenlar") (collectively "Defendants"), file this, their Notice of Removal:

1. On or about March 7, 2017, Plaintiff Bryan Sampson ("Plaintiff") filed suit in the 153rd Judicial District Court of Tarrant County, Texas, entitled *Bryan Sampson v. Mortgage Electronic Registration System, Inc. (MERS), Equity Loans, LLC dba Equity Prime Mortgage, Pingora Loan Servicing, LLC, Central Loan Administration and Reporting FSB and David Stockton or any to act as Substitute Trustee*, Cause No. 153-290848-17, seeking injunctive relief, and asserting causes of action for common law fraud, breach of contract, and violations of the real Estate Settlement Procedures Act (12 C.F.R. §1024.41, *et. seq.*) ("RESPA") and the Texas Debt Collection Act (TEX. FIN. CODE §392.001, *et seq.*). *See* Plaintiff's Original Complaint, ¶¶ 25-45.

2. As of March 20, 2017, none of the returns of service for any of the Defendants has been filed with the Court. Therefore, it is not necessary to obtain consent to remove from the other two Defendants, Equity Loans, LLC dba Equity Prime Mortgage and David Stockton, as Substitute Trustee.

3. Additionally, Cenlar and Pingora received notice of the filing of the state court lawsuit on or about March 7, 2017 through email correspondence with Plaintiff's counsel. Removal is timely under 28 U.S.C. § 1446(b).

## I. BASIS FOR REMOVAL– FEDERAL QUESTION

4. Removal is proper because Plaintiff's suit involves a federal question. Specifically, Plaintiffs allege that Defendants violated RESPA (12 C.F.R. §1024.41, *et. seq.*). (*See* Plaintiff's Original Complaint, ¶ 36-40). Plaintiff seeks damages for violation of RESPA. (*See* Plaintiff's Original Complaint, ¶40). Plaintiff seeks attorney fees pursuant to RESPA. (*See* Plaintiff's Original Complaint, ¶46). Therefore, this Federal District Court has original jurisdiction over this case under the provisions of 28 U.S.C. §§ 1331 and 1441(a).

## II. VENUE

5. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the location of the State Court in which the removed action has been pending.

## III. DOCUMENTS FILED

8. As required by 28 U.S.C. § 1446(a), the following documents are attached and filed herewith:

    **Exhibit "A"**: INDEX OF MATTERS BEING FILED;

    **Exhibit "B"**: STATE COURT'S FILES including a true and correct copy of all process, court docket sheet, pleadings asserting causes of action, answers and any orders signed by the state court judge:

    1. Plaintiff's Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction

    2. Unsigned Temporary Restraining Order

**Exhibit "C":** LIST OF COUNSEL OF RECORD, including addresses, telephone numbers and parties represented.

## IV. CONCLUSION

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it involves questions of federal law.

10. Upon the filing of this Notice of Removal, Defendants will also provide written notice of same to all parties.

11. Defendants will promptly file this Notice of Removal with the clerk of the State Court in which the action has been pending.

12. Accordingly, Defendants request that this case proceed in this Court as a properly removed action, and for such other and further relief to which it is entitled.

    Respectfully submitted,

    HUGHES WATTERS ASKANASE, L.L.P.

    By: */s/ Sabrina A. Neff*
        Sabrina A. Neff    TBN# 24065813
        Total Plaza
        1201 Louisiana Street, 28th Floor
        Houston, Texas 77002
        Telephone: (713) 759-0818
        Facsimile: (713) 759-6834
        sneff@hwa.com

    ATTORNEYS FOR DEFENDANTS,
    MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., PINGORA LOAN SERVICING, LLC AND CENLAR FSB

OF COUNSEL:

HUGHES WATTERS ASKANASE, L.L.P.
Total Plaza
1201 Louisiana Street, 28th Floor
Houston, Texas 77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834

## CERTIFICATE OF SERVICE

  A copy of the foregoing Notice of Removal has been served upon the following on this 20th day of March, 2017:

| | |
|---|---|
| John G. Helstowski<br>J. Gannon Helstowski Law Firm<br>4150 International Plaza, Ste. 102<br>Fort Worth, Texas 76109<br>*Counsel for Plaintiff* | *Via Email: jgh@jghfirm.com* |
| Equity Loans, LLC dba Equity Prime Mortgage<br>Incorp. Services, Inc., Registered Agent<br>815 Brazos, Suite 500<br>Austin, Texas 78701 | *Via CM/RRR* |
| David Stockman, Substitute Trustee<br>Marinosci & Baxter<br>14643 Dallas Parkway, Suite 750<br>Dallas, Texas 75254 | *Via CM/RRR* |

                */s/ Sabrina A. Neff*
                Sabrina A. Neff